USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL BUXBAUM,

                                Plaintiff,

    -against-

                                    No. 25 Civ. 526 (NSR)
                                        ORDER

KEITH CORNELL,

                                Defendant.

---

NELSON S. ROMÁN, United States District Judge:

    *Pro se* Plaintiff Michael Buxbaum (the "Plaintiff") commenced this action on or about January 17, 2025 by filing the Complaint. (ECF No. 1.) On April 28, 2025, *pro se* Plaintiff filed an Amended Complaint without seeking leave from the Court. (ECF No. 13.) *Pro se* Plaintiff brings claims sounding in fraud pursuant to 31 U.S.C. § 3729 of the False Claims Act. But under either the Complaint or the Amended Complaint, Plaintiff has failed to comply with Federal Rule of Civil Procedure 8, which requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its May 28, 2025 Order (the "Order") (ECF No. 23), the Court acknowledged that *Pro se* Plaintiffs enjoy the Court's special solicitude, but that the Court "cannot invent factual allegations that [a *pro se* plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d. Cir. 2010). As a result, the Court ordered *pro se* Plaintiff to show cause in writing on or before June 17, 2025 as to why this action should not be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8. The Court further warned *pro se* Plaintiff that failure to comply with the Order would result in dismissal of the case with prejudice.

1

As of today's date—nearly a week after the Court's deadline in the Order—*pro se* Plaintiff has failed to respond as to why this action should not be dismissed with prejudice. District courts are imbued with the "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for bad-faith conduct or for disobeying the court's orders." *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (cleaned up). As mentioned, *pro se* Plaintiff has received ample warning from the Court that failure to respond to the Order would result in dismissal with prejudice. Because *pro se* Plaintiff has failed to do so, the Court dismisses the instant action with prejudice. The Clerk of Court is directed to terminate the action and to mail a copy of this Order to *pro se* Plaintiff at *pro se* Plaintiff's address as it is listed on ECF and to show service on the docket.

Dated: June 24, 2025
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge